IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re | : | Chapter 11 |
| O.W. Bunker USA, Inc., | : | Case No. 14-51720 (JAM) |
| Debtor. | : | |
| _____ | : | |
| Aegean Bunkering (USA) LLC | : | |
| Plaintiff | : | Adv. Proc. No. _____ |
| v. | : | |
| O.W. Bunker USA, Inc. | : | |
| and | : | |
| O.W. Bunker Holding North America Inc., | : | |
| Defendants. | : | |
| _____ | : | |

### AEGEAN BUNKERING'S
### COMPLAINT FOR PAYMENT OF ADMINISTRATIVE CLAIM

Pursuant to Fed. Bankr. R. 7001, Aegean Bunkering (USA) LLC ("Aegean") complains against Debtors, O.W. Bunker USA, Inc. ("OW-US") and O.W. Bunker Holding North America Inc.("OW-NA")(collectively, "Debtors") as follows:

### PARTIES

1. Aegean is a corporation which purchased certain office furniture and related fixtures from Debtors (herein, the "OW Furniture") pursuant to the February 9, 2015 order of this Court (ECF No. 407).

2. OW-US and OW-NA are Debtors in this consolidated case and maintained offices at 281 Tressler Boulevard, 15th Floor, Stamford, Connecticut 06902 (herein the "OW Office").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction under 28 U.S.C. § 1334(b). This adversary proceeding relates to the jointly administered Chapter 11 cases captioned *In re O.W. Bunker USA*, Case No. 14-51722 (AHWS), pending in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court").

4. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Court has personal jurisdiction over Debtors and Aegean because of the filing of the above-captioned proceedings.

5. Venue is proper in this Court under 28 U.S.C. § 1409.

## NATURE OF ACTION

6. This is an adversary proceeding to request the entry of an order requiring Debtors to pay Aegean damages as demanded herein or otherwise to pay Doran Brothers Worldwide Moving & Storage, Inc. ("Doran") amounts which Doran claims to release the OW Furniture to Aegean.

## FACTUAL BACKGROUND

7. This Court on February 9, 2015 (Order, ECF No. 407) approved sale of the OW Furniture to Aegean (herein, the "Sale Order").

8. This Court's Sale Order provided in pertinent part as follows:

> 2. As more fully authorized by the Order Establishing Procedures to Sell, Transfer or Abandon Certain Assets and (2) Rejecting Certain Leases (D.I. 184) ("De Minimis Assets Order"), upon termination of the lease for the Debtors' Stamford office (at 2 Stamford Plaza, 15th Floor, Stamford, CT) (by its terms or by rejection), the furniture and all removable fixtures and equipment in that office ("Furniture and Fixtures") shall be transferred and sold, as is where is, to the

2

    Buyer, with the Buyer to bear all costs of removal, transport and/or disposition. Buyer shall have at least one week prior to termination of the lease for the Debtors' Stamford office to remove such Furniture and Fixtures; provided however that after such lease termination the Debtors may in their reasonable discretion retain such of the Furniture and Fixtures as are needed for ongoing projects and/or their staff after lease termination; such retained Furniture and Fixtures shall be transferred and sold, as is where is, to the Buyer when no longer reasonably needed by the Debtors. Debtors also will prior to that time make, a good faith effort to make available to Buyer such of the Furniture and Fixtures which the Debtors do not reasonably need for use, and Debtors' business personnel and/or financial adviser shall meet with Buyer's business personnel prior to February 13, 2014 (subject to such persons' obligations to assist with or participate in proceedings in these cases). This stipulation and notice thereof shall constitute compliance with the De Minimis Assets Order. Until transfer of the Furniture and Fixtures, Debtors shall make all post-petition lease payments due to the landlord at the Stamford office.

    9.    Following the Sale Order, Debtors and Aegean communicated concerning the OW Furniture, kept at the OW Office. Debtors indicated that although they did not need all of the OW Furniture, they wished to continue to use some of the OW Furniture and to keep that at the OW Office.

    10.    At the end of April and into the first part of May, 2015, Aegean and Debtors communicated concerning the possible move of the OW Furniture, from the OW Office and to Aegean. Part of that communication involved obtaining a moving quote, from Doran. Aegean, however, did not approve the quote; Debtors continued to maintain the OW Furniture at the OW Office.

    11.    Unknown to Aegean, however, Debtors on or about May 12, 2015 signed Doran's "Combined Uniform Household Goods Bill of Lading and Freight Bill," and Doran subsequently moved much of the OW Furniture to Doran's facilities. Doran subsequently on or about October 20, 2015 issued its $6,368.75 invoice for the moving charges and storage, to OW-NA. A copy of the Doran invoice, and signed freight bill, is Exhibit A hereto.

12. Aegean learned that the OW Furniture had been moved to Doran, when Debtors notified Aegean that the OW Office lease would conclude at the end of October, 2015, and that Aegean should come to the office to pick up the remaining OW Furniture there. Aegean did then take possession of this remaining OW Furniture, but most of the OW Furniture remained with Doran.

13. Aegean subsequently has attempted to recover the OW Furniture from Doran, however, Doran refuses to release the OW Furniture until it is fully paid for Doran's invoice and storage charges. Storage charges by Doran continue to accrue at $475/month.

**WHEREFORE**, Aegean respectfully requests that:

A. The Court order Debtors to pay Doran's invoice and all storage charges of at least $6,368.75 plus $475/month until paid, so that Aegean may take possession of the OW Furniture that Aegean bought pursuant to this Court's Order; or that, alternatively,

B. This Court award Aegean a first priority, administrative claim for the value of the OW Furniture and/or the charges imposed by Doran and/or charges which Aegean may incur to purchase or lease replacement furniture and fixtures.

C. The Court award Aegean its costs in this action; and

D. The Court award Aegean other and further proper relief.

Dated: December 11, 2015

/s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: (410) 783-5795
Fax: (410) 510-1789
Email: jssimms@simmsshowers.com

Aegean Counsel



OW BUNKER NORTH AMERICA Inc.
281 Tresser Blvd.15th Floor
Stamford,Ct.06902
Attention Ms.Kathleen Alderman

*Detach upper portion and mail with remittance*

| DATE | DESCRIPTION | CHARGES | CREDITS | BALANCE |
|---|---|---|---|---|
| 5/12/15 | Moving,Packing,Wrapping,Supply of Materials,Unloading into Storage Services as per attached Copy of Work Ticket. | $3,508.75 | | $3,508.75 |
| 10/20/15 | Storage charges,5/12-11/12/15; 6 Months@$475.00 per Month Storage. | 2,850.00 | | 6,358.75 |
| 10/20/15 | Balance Due,Thank You. | | | $6,368.75 |

**Exhibit A**

PO Box 1011 • Greenwich, CT 06830 • 203-328-9656 • Fax 203-328-9655 • Doranbros@hotmail.com • Established 1876
"Your Move Our Responsibility"

Eluid
Raul
Happy
Joshua
Wilson
Marvin
Eugene



**Doran Bros WORLD WIDE MOVING & STORAGE, INC.** Since 1876

P.O. Box 1011, Greenwich, CT 06830 Tel: (203) 328-9656   US DOT 710236

Melvin 5:30PM

| | |
|---|---|
| Name | Aegean Bunkering, USA   Tel. 203-219-3399 |
| From | 281 Tresser Blvd., 15th Floor   Apt. |
| | Stamford, Ct., 06902 |
| To | Storage   Apt. |
| | Doran Brothers |
| Other Stops | |
| Moving Date | 5/12/15   Day Tuesday Time 2PM A.M./P.M. |
| Moving Rate | x 1   Vans 3   Men @ $ 176.00   Per Job Hours Plus ___ Hours Travel Time |

**TIME RECORD**
- Start: 2:00PM  P.M.
- Finish: 10:30 P.M.
- JOB HOURS: 8½
- TRAVEL TIME: Included
- TOTAL HOURS: 8½

**ESTIMATE OR REMARKS**
(Approx. estimate-packing date-instructions on job-or other information)

**VALUATION**
Customer (Shipper) is required to declare in writing the released value of the property. The agreed or declared value of the property is hereby specifically stated by the customer (shipper) and confirmed by their signature hereon to be NOT exceeding 30 ( ) cents per pound per article unless specifically excepted. The Customer (Shipper) hereby declares valuations in excess of the above limits on the following articles.

| Article | Value |
|---|---|
| | |

**IMPORTANT** (SIGN BEFORE START OF ANY SERVICE)

The Shipper Subject to and based on the rates, rules, regulations and conditions in the carriers lawfully published tariff hereby orders the carrier to furnish transportation facilities and service described herein subject to all conditions herein contained including valuation agreed or declared and the conditions on the back here of which are hereby agreed to by the Shipper and accepted for himself and his assigns. Unless credit arrangements are made in writing the Shipper agrees to pay charges in cash, money order, or certified check prior to complete delivery.

CUSTOMER: ___
BY: ___
MOVER: ___
BY: ___

**IMPORTANT**
Except as specifically endorsed hereon
All services and All articles received in Good Condition

CUSTOMER: [signature]
BY: ___

**RATES AND DESCRIPTION** | **CHARGES**

| | | |
|---|---|---|
| MOVING  8½ hours @ $ 176.00 per hr. | | 1,496.00 |
| OVERTIME ___ hours @ $ ___ per hr. | | |
| CARTAGE ___ cu. ft. @ $ ___ per cu. ft. | | |
| WEIGHT ___ hours @ $ ___ per hr. | | |
| PIANO CHGS. 3Men, 3PM-10:30PM; 7½ x $132.00 per hour | | 990.00 |
| OTHER | | |
| ___ Barrels, packed @ $ ___ each | | |
| ___ Barrels, loaned @ $ ___ each | | |
| ___ Wardrobes @ $ ___ each | | |
| ___ Cartons or boxes @ $ ___ each | | |
| ___ Matt Cartons @ $ ___ each | | |
| Other One Man, 3:30-6PM; 2½ x $44.00 per hour | | 110.00 |
| 1 Van and 1 Man, 5:30-10:30PM; 5 x $88.00 per Hour | | 440.00 |
| Whse. Labor charges  Supply of Materials | | 473.75 |
| Storage charges | | |
| Other | | |

Carrier Liability; shipper declares the full value of the shipment for the purpose of carrier liability to be:

Amt. $ None  @ $ 2.00 per $100.00

**TOTAL CHARGES**  3,508.75
**Advance Deposit**
**BALANCE DUE**

**RECEIVED PAYMENT**
MOVER: ___
BY: ___

TERMS: Charges Payable in Cash, Money Order, or Certified Check on Delivery.